IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
                vs.               )        Criminal No. 04-40
                                  )        See Civil Action No. 06-233
                                  )
IAN PACE,                         )
                                  )
                Defendant.        )

MEMORANDUM OPINION

BLOCH, District J.

On January 25, 2005, Petitioner, acting pro se, filed a Post Trial Motion (Doc. No. 52), in the above-captioned matter. On February 23, 2006, due to the nature of the relief sought by the Petitioner, the Court re-docketed Petitioner's "Post Trial Motion" as Petitioner's "Motion to Vacate under 28 U.S.C. § 2255" (Doc. No. 61). On February 27, 2006, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), this Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist (Doc. No. 62). With that in mind, Petitioner was ordered to advise the Court by March 29, 2006 as to how he wished to proceed in this case, specifically, whether he wished to either have his original

1

§2255 habeas petition ruled upon as filed and lose the ability to file successive habeas petitions absent "the most unusual of circumstances" and certification by the Third Circuit or withdraw the §2255 habeas petition, and file one all inclusive § 2255 habeas petition within the one-year statutory period of the AEDPA (Doc. No. 62). The Court did not receive written notification of withdrawal from Petitioner by March 29, 2006 and, therefore, pursuant to its February 27th Order, will proceed to decide the original motion as filed by Petitioner on January 25, 2005 and re-docketed by the Court on February 23, 2006.

Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 55) the Court denies Petitioner's Motion for the reasons set forth below.

## I.  **Background**

In February of 2004, a grand jury returned an Indictment charging Petitioner with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 26, 2004, Petitioner pled guilty to this charge. The Probation Officer prepared a Presentence Investigation Report to which the Petitioner filed, pro se, Discrepancies Regarding Pre-Sentence Report (Doc. No. 42). Subsequently, defense counsel, Joseph Hudak, filed a Motion for Leave to File Attached Objections to Presentence Investigation Report One Day Out of Time attaching "Defendant's Objections To Presentence Investigation

2

Report" which incorporated Petitioner's Discrepancies Regarding Pre-Sentence Report and reasserted many of those objections in further detail (Doc. No. 44). On December 27, 2004, the Court issued its Tentative Findings and Rulings in which it ruled on all objections submitted by Petitioner and his counsel. Prior to sentencing, Petitioner filed a Motion for Downward Departure on his own behalf which the Court did not address because he was represented by counsel (Doc. No. 49).[1] On January 6, 2005, the Court sentenced Petitioner to 57 months' imprisonment to be followed by 3 years of supervised release and he did not appeal this sentence. Instead, on January 25, 2005, Petitioner filed the instant Post Trial Motion which, as stated, was re-docketed by the Court as a Motion to Vacate under 28 U.S.C. § 2255 ("Motion").

## II.      Discussion

It is settled law that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support

---

[1]    The Court did not rule on Petitioner's motion because he submitted it pro se but was represented by counsel. The only reason that the Court addressed those objections set forth in Defendant's Discrepancies Regarding Pre-Sentence Report, which he also had submitted pro se, is because his counsel subsequently incorporated them as part of the objections which he submitted on behalf of Petitioner.

3

of his claim which would entitle him to relief." <u>Haines</u>, 404 U.S. at 520-21 (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

Title 28, United States Code, Section 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, the record in this case demonstrates that Petitioner is not entitled to relief under Section 2255, and therefore, no evidentiary hearing is necessary.

## A.   <u>Ineffective Assistance of Counsel</u>

Almost all of the claims contained in Petitioner's Motion are claims that he was denied his Sixth Amendment right to effective assistance of counsel and is, therefore, entitled to a new trial. For the reasons that follow, this Court rejects Petitioner's contentions.

A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of

4

'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).

5

1. **Failure to Advise of/Communicate Possible Defenses**

Petitioner argues that his counsel was ineffective in continuously failing to communicate with him and adequately advising him of possible defenses to the charge filed against him. However, the Court finds that the record conclusively demonstrates that this argument has no merit. In fact, to the contrary, the record demonstrates that Petitioner's counsel continuously addressed the possible defense of justification. Specifically, in the Motion for Reconsideration of Bond Based Upon Changed Circumstances, counsel for the Petitioner specifically identifies justification as a viable defense which Petitioner would pursue at trial (Doc. No. 24). Subsequently, in the submitted Proposed Jury Instructions, counsel included a specific instruction for the justification defense (Doc. No. 32). Additionally, at the change of plea hearing, when asked by the Court if Petitioner's guilty plea was consistent with his advice, his counsel informed the Court that, in fact, while he believed that there was some basis for him to plead guilty, he had advised Petitioner that he should proceed to trial because he believed he would have been acquitted based upon the justification defense. (Transcript of Change of plea ("Tr.") 17). At that time, the Court specifically confirmed this fact with the Petitioner and he acknowledged that to be the truth (Tr. 18). Lastly, in the objections to the Presentence Investigation Report, Petitioner's

6

counsel argued for a downward departure based upon the justification defense.  (Doc. No. 44).

These facts indisputably demonstrate that Petitioner was well-aware of his counsel's confidence that he could succeed on the defense of justification at trial and that, even knowing this, Petitioner chose not to pursue this defense and, instead, pled guilty.  While it is arguable that the justification defense was even available to Petitioner, in either case, Petitioner's claim that his counsel was ineffective for failing to advise him of any available defenses in this case is wholly refuted by the record.[2]

## 2.  **Failure to Properly Predict Sentence**

Petitioner next argues that his counsel induced him into pleading guilty by wrongfully advising him of the amount of time he would serve in the "Federal Penitentiary".  Again, Petitioner fails to provide the Court with any information regarding what prediction his counsel made to him and how that was wrong.  Either way, the Court finds that Petitioner cannot establish that, even if his counsel improperly predicted what his sentence would be if he pled guilty, he was prejudiced by such actions.

---

[2] Petitioner does not allege any other specific defenses which his counsel should have informed him of nor does it appear that any other defenses were available to him.

At the change of plea hearing in this case, the Court discussed the Sentencing Guidelines with Petitioner at which time he stated that "[y]es" his attorney had discussed with him how the guidelines might apply in his case (Tr. 9-10). The Court went on to ask if Petitioner understood that it could, in some circumstances, impose a sentence that is less or more severe than that called for by the guidelines, to which Petitioner answered "[y]es, I do." (Tr. 10). Then when asked if he understood that if the sentence imposed is more severe than he expected he would still be bound by his plea and have no right to withdraw it, Petitioner responded "yes" (Tr. 11). Lastly, after summarizing the applicable minimum and maximum penalties to the charge against him,[3] the Court confirmed with Petitioner that, although his counsel had discussed the guidelines with him, he had not promised him a certain sentence in this case, to which Petitioner responded "[n]o sir" (Tr. 15).

Therefore, it is clear from the record in this case, that the Petitioner was informed that the maximum sentence was one hundred and twenty months and the sentence imposed was fifty-seven months, far less than the maximum that he was aware of, and any alleged misrepresentation made by Petitioner's counsel when

---

[3] At the change of plea hearing, the Court informed Petitioner of what the applicable penalties were if the enhanced penalty provision of 924(e) applied and if they did not apply. Here, it turned out that the enhanced penalties did not apply, so the applicable penalties were a maximum term of imprisonment of ten years and a term of supervised release of three years and a fine of $250,000.

8

discussing the sentencing calculations with him would have been remedied by this Court's statements at the change of plea hearing. United States v. Mustafa, 238 F.3d 485, 492 (3d. Cir. 2001); United States v. Ordaz, 111 Fed. Appx. 128, 133-134 (3d. Cir. 2004)(citing to Mustafa, 238 F.3d at 492).

## 3.   Failure to Negotiate a Plea Agreement

Petitioner next asserts that his counsel was ineffective for failing to attempt to negotiate a beneficial plea agreement on his behalf.  The two-part test of  Strickland again applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 370.  As such, the Petitioner must set forth specific acts or omissions which demonstrate that his counsel's performance fell below an objective standard of reasonableness, and must also show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 at 59, 106 S.Ct. at 370 (footnote omitted).

Here, Petitioner fails to specify what kind of agreement he believes his counsel should have or could have obtained or attempted to obtain in this case nor does he establish that such a plea agreement was even available to him by the Government. Furthermore, there is nothing in the record to suggest that a plea agreement would have been more beneficial for Petitioner.  To the

9

contrary, as noted by the Government in its Response, because this was a one count Indictment and Petitioner's sentence was only enhanced based upon prior convictions, the only benefit Petitioner would have received through a plea agreement would have been a three level reduction for acceptance of responsibility which he received even without a plea agreement.[4]  Additionally, by pleading guilty without a plea agreement, Petitioner retained his appeal rights which, because of the government practice in place at the time of his plea, would have most certainly been waived as part of any plea agreement.

For these reasons, the Court finds that Petitioner has failed to demonstrate that his counsel was ineffective under the <u>Strickland</u> standard for failing to attempt to obtain a beneficial plea agreement in his case.

## 4.   Failure to Prepare and Submit Objections to the Presentence Report

Petitioner also asserts that his counsel was ineffective for failing to prepare and submit to the Court objections to the Presentence Report.  However, the record clearly demonstrates that this argument is without merit as his counsel did

---

[4]   The Court notes, again, that Petitioner has not alleged any benefits which he believes he would have received from a plea agreement.

file objections with the Court on November 15, 2004, incorporating "Defendant's Discrepancies Regarding Pre-Sentence Report", which Petitioner had filed with the Court pro se, and reasserting many of those objections in further detail (Doc. No. 44). Although Petitioner's counsel's objections were filed late with the Court, the Court had granted him the permission to file them when he did. Furthermore, on December 27, 2004, the Court issued its Tentative Findings and Rulings in which it ruled on all objections submitted by Petitioner and his counsel (Doc. No. 48).

Therefore, Petitioner again has failed to demonstrate ineffective assistance of counsel based on this claim.

### 5.  Failure to file a Sentencing Memorandum

Petitioner also argues that he was denied effective assistance of counsel because his counsel failed to file a sentencing memorandum in this case. Again, the Court notes that Petitioner fails to set forth what information his counsel was ineffective for failing to include in a sentencing memorandum. However, because Petitioner had filed a pro se motion for downward departure after the Court issued its tentative findings but prior to sentencing, the Court will presume that the argument set forth in that motion, that his criminal history was significantly overstated by his criminal history score, is what Petitioner believes his

counsel should have incorporated into a sentencing memorandum and filed with the Court (Doc. No. 49).

That said, the Court finds that Petitioner has failed to establish that his counsel's omissions were unreasonable or that he was prejudiced, as it was very unlikely that such a downward departure would have been granted. In his motion for a downward departure, Petitioner argues that the fact that he sustained three relatively minor convictions for drugs and disorderly conduct shows that "the likelihood of him participating/engaging in further criminal activity is non-existent" (Doc. No. 49).

First, the Court does not describe multiple drug offense convictions as minor. Secondly, the Court finds that the remainder of Petitioner's offenses, including the instant offense, clearly demonstrate a propensity to continue committing crimes which seem to only be escalating in violence. Furthermore, the Court notes that even without a downward departure, it could have sentenced Petitioner to less than 57 months, as that was the top of the guideline range, and it chose not to do so. Therefore, Petitioner cannot establish that the sentencing outcome would have been any different, as it is likely that, based upon his prior history and escalating violence, including firing the firearm at issue in this case, the Court would not have granted a request for a downward

departure.  <u>Sistrunk</u>, 96 F.3d at 670; <u>See</u> Presentence Investigative Report, Part B.

### 6.  Remaining Ineffective Claims

In addition to the claims discussed above, Petitioner alleges that his counsel was ineffective in failing to adequately prepare for proceedings, failing to zealously represent him, failing to prepare for a possible trial, failing to conduct adequate discovery, failing to familiarize himself with Federal Rules of Criminal Procedure, and was more interested in getting his fee than preparing for the case at bar.  However, because all Petitioner does is set forth these bald assertions, without more, these claims are far too vague and conclusory to warrant further investigation.  <u>See</u> <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988).

In sum, the record conclusively demonstrates that Petitioner is not entitled to relief on his ineffective assistance of counsel claims as he, in no way, has established that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that he suffered prejudice as a result.

### B.  United States v. Booker

In addition to seeking a new trial based upon allegations that his counsel was ineffective in numerous ways, Petitioner seeks

to have his sentence modified by the Court based upon the Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), which held that the mandatory application of the Guidelines was unconstitutional.[5] Petitioner argues that, pursuant to <u>Booker</u>, his sentence was unconstitutional and inappropriate because the Court sentenced him under the mandatory guideline scheme.

However, at the time that <u>Booker</u> was decided, Petitioner's case was not final and he absolutely could have raised this issue on appeal. Therefore, Petitioner's claim is procedurally defaulted. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." <u>United States v. Cepero</u>, 224 F.3d 256, 267 (3d Cir. 2000) (citing <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)); <u>Young v. United States</u>, 124 F.3d 794, 796 (7th Cir. 1997). <u>See also</u> <u>United States v. Essig</u>, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments

---

[5] The Court notes that while Petitioner identifies this case as <u>Washington v. Blakely</u>, it is clear from the date that he refers to as the date the case was decided, January 12, 2005, and the holding he summarized, it's "unconstitutional for Congress to require federal judges to follow guidelines formulated by the U.S. Sentencing Commission," that he is actually referring to the decision in <u>United States v. Booker</u>.

14

that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate cause and prejudice.  <u>Essig</u>, 10 F.3d at 979 (holding that the cause and prejudice standard of <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").

"In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." <u>Essig</u>, 10 F.3d at 979 (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991)). Here, Petitioner fails to set forth any basis for his failure to raise this claim on appeal.  Furthermore, even if Petitioner appealed this issue and the case had been summarily remanded for re-sentencing under <u>Booker</u>, the Court, if anything, likely would have sentenced him higher than the recommended guideline range as evidenced by the fact that it already sentenced him to the high end of the guideline range.  Therefore, Petitioner has failed to establish either cause or prejudice and relief must be denied.[6]

---

[6]     Petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel.  <u>See</u> <u>United States v. DeRewal</u>, 10 F.3d 100, 104 (3d Cir. 1993).    Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel.    <u>See</u> <u>United States v. Nahodil</u>, 36 F.3d 323, 326 (3d Cir. 1994).  However, the Court notes that this claim was specifically not brought as an ineffective assistance of
(continued...)

III.  **Conclusion**

For all of the above-stated reasons, Petitioner's Motion is denied in its entirety.  Further, this Court will not issue a certificate of appealability in this case.  A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

s/Alan N. Bloch

United States District Judge

Dated:    March 5, 2007

cc:       Ian Pace

ecf:      Counsel of record

---

[6](...continued)
counsel claim.  Petitioner, therefore, must demonstrate cause and prejudice, which, as stated above, he has failed to do.

16